IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION )
)
This Document Relates to Case Nos: )
3:06-1130, 3:07-1071, 3:07-0837 )
3:07-0782, 3:08-0912, 3:07-1231 )
3:07-0240, 3:07-0663, 3:09-0189 ) NO. 3:06-MD-1760
3:06-0493, 3:06-0660, 3:07-0042 ) JUDGE CAMPBELL
3:06-0749, 3:06-0519, 3:09-0187 )
3:08-1080, 3:08-1091, 3:06-0815 )
3:07-0391, 3:07-0393, 3:07-0235 )
3:07-1044, 3:06-0494, 3:06-0552 )
3:08-0583, 3:06-0380, 3:09-0010 )
3:06-0515, 3:08-0086, 3:06-0745 )
3:08-1067, 3:06-0661, 3:08-0485 )
3:07-0780, 3:06-0524, 3:09-0203 )
3:07-1020, 3:06-1027, 3:07-0040 )
3:07-1070 )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 2990) in the above-referenced cases. For the reasons stated herein, Defendant's Motion is DENIED.

## FACTS

These cases are part of a multidistrict litigation action in this Court concerning the drugs Aredia and Zometa, manufactured by Defendant and allegedly the cause of personal injuries to the Plaintiffs herein. Defendant has moved for summary judgment in the above-referenced actions, based upon a Florida statute which creates a rebuttable presumption concerning products liability actions.

1

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id.*

## FLORIDA LAW

The Florida statute at issue provides that in a products liability action brought against a manufacturer, there is a rebuttable presumption that the product is not defective or unreasonably dangerous and the manufacturer is not liable if, at the time the product was sold, (1) it complied with federal codes, statues, rules, regulations or standards relevant to the event causing the harm; (2) the codes, statutes, rules, regulations or standards were designed to prevent the type of harm that allegedly occurred; and (3) compliance with the codes, statutes, rules, regulations or standards was required as a condition for selling or distributing the product. Fla. St. Ann. § 768.1256(1).

In a prior Order involving Florida law, this Court granted summary judgment to Defendant because the only argument put forth by that Plaintiff (Emerson/Crews) to attempt to rebut this

2

statutory presumption was an argument which was pre-empted by federal law. *See* Docket No. 2788. Emerson/Crews argued solely that any FDA approvals of Aredia or Zometa were obtained improperly. As the Court noted, nothing in that Order held that federal law pre-empted that Plaintiff's lawsuit. The Court simply found that the only argument offered by Emerson/Crews to rebut the statutory presumption, that FDA approvals were improperly obtained, would be pre-empted under controlling law, even if that Plaintiff had specific evidence to support it, which she did not. *See* Docket No. 2968.

The facts here are not, as Defendant contends, identical. Here, Plaintiffs make far more than one argument concerning rebutting the statutory presumption. These Plaintiffs are *not* relying solely upon the argument that FDA approvals were improperly obtained. The Court's prior ruling was limited to the argument asserted by *that* Plaintiff and, therefore, is not preclusive of these Plaintiffs' claims.

The statutory presumption at issue is a presumption of no liability; that is, the Court and/or jury must presume that a product is *not* defective or unreasonably dangerous if that product complies with certain codes, regulations and standards. It may be undisputed that Defendant is entitled to this presumption of no liability, but Defendant appears to forget that the presumption is *rebuttable*. The Florida statute may be designed to make it more difficult for plaintiffs to prevail, as Defendant argues, but it does not make prevailing *impossible*.

The statute is silent as to what a plaintiff must do to overcome that presumption. Plaintiff Emerson/Crews attempted to rebut the presumption with an argument that FDA approvals were improperly obtained. Plaintiffs here argue that they can rebut this presumption by showing that these products were defective and unreasonably dangerous. Despite Defendant's assertion that

3

Plaintiffs have no evidence that could overcome the presumption, Plaintiffs offer a myriad of evidence in support of their position. *See* Docket No. 3093. Defendant contends that Plaintiffs do not proffer the type of evidence required to overcome the presumption, but Defendant never identifies what type of evidence it contends that would be.

The Court finds that Plaintiffs have offered proof sufficient to avoid summary judgment on this issue. The statutory presumption will apply at trial, but Plaintiffs have sufficiently raised genuine issues of material fact as to their ability to rebut that presumption. A jury will have to determine whether the presumption has been overcome in each case.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 2990) is DENIED. In light of this ruling, the Court need not now address Plaintiffs' assertions concerning whether Florida law applies to all of these Plaintiffs or the parties' arguments concerning Michigan law.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE